## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

U.S. SECURITIES AND EXCHANGE )
COMMISSION, )
)
      Plaintiff, )
)
      vs. )   **Cause No. 1:15-cv-0357-WTL-MJD**
)
GARY S. WILLIKY, )
)
      Defendant. )

## ENTRY ON MOTION FOR RECONSIDERATION

This cause is before the Court on the Defendant's Motion for Reconsideration and the

Plaintiff's response thereto (Dkt. Nos. 64 and 66). The Defendant did not file a reply in support

of the motion, and the time for doing so has expired. The Court, being duly advised, **DENIES**

the Defendant's motion for the reasons set forth below.

## I.      PROCEDURAL BACKGROUND

On August 3, 2018, pursuant to the bifurcated settlement agreement, Dkt. No. 34, and

upon a determination of the Plaintiff's motion for penalties, Dkt. No. 48, the Court ordered that

the Defendant pay (1) disgorgement of $798,217 for insider trading, along with $159,110.13 in

prejudgment interest; (2) disgorgement of $65,617 for scalping emails, along with $14,866.97 in

prejudgment interest; (3) a civil penalty of $150,000 for the non-insider trading counts; and (4) a

civil penalty of $1,596,434 for insider trading. On August 30, 2018, the Defendant moved for

reconsideration of the Court's decision to impose a civil penalty of $1,596,434 for insider

trading, an amount equal to two times the ill-gotten gains.

## II.     LEGAL STANDARD[1]

The purpose of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988).  To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).  A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## III.     DISCUSSION

The Defendant makes several arguments in support of its motion for reconsideration. The Court will address each of these arguments in turn.

First, the Defendant argues "that the Court's August 3, 2018 order was a result of mistake . . . in that the Court was not presented with a clear understanding of the extent of [the Defendant's] cooperation . . . ." Dkt. No. 64 at 5.  Specifically, the Defendant argues that "he was not able to respond to the Declarations of Victoria Madtson or Scott Hlavecek, which were attached as Exhibits 5 and 12 to the [Plaintiff's] Reply . . . ." *Id.*  Notably, however, the Defendant did not seek leave to file a sur-reply to rebut the Plaintiff's claims.

---

[1] Although the Plaintiff cites both Federal Rules of Civil Procedure 59(e) and 60(b) in his motion, because the Plaintiff filed his motion within twenty-eight days of the entry of judgment, the Court considers the Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e).

However, even considering the substance of the Defendant's arguments, the Defendant's arguments fail. As the Plaintiff notes, the Defendant "presents no new, let alone newly discovered, evidence." Dkt. No. 66 at 4. Instead, the Defendant points to previously submitted evidence and argues that to the extent Court relied on such evidence, it did so mistakenly and therefore reconsideration is required. The Defendant, however, fails to point to any part of the Court's opinion which suggests that any error was made. The Defendant's argument amounts to a disagreement with the conclusion and a bare assertion that the conclusion must have been due to a mistaken reliance on the evidence. Without more, the Court is not convinced that reconsideration of its decision is appropriate.

Second, the Defendant cites the Plaintiff's reliance on *S.E.C. v. Alanar, Inc.*, No. 1:05-cv-1102, 2008 WL 2410422 (S.D. Ind. May 6, 2008), in its reply brief as somehow indicative of an error on the part of the Court requiring reconsideration. Again, the Defendant did not seek leave to file a sur-reply. Nevertheless, the Defendant seems to argue that because his case is distinguishable from *Alanar*, his penalty should be reduced. The Defendant, however, fails to point to any misapplication of *Alanar* by the Court which would require reconsideration. Indeed, *Alanar* is not even cited in the Court's August 3, 2018, entry. Finding no misapplication of law, the Court rejects the Defendant's argument.

The remainder of the Defendant's brief is spent describing evidence provided by the Defendant to the government and its alleged value. Nowhere, however, does the Defendant present new evidence or argue that the Court misconstrued the evidence. Instead, the Defendant's contention is that because the Court did not consider the Defendant's cooperation in a manner that led to a lesser penalty, it was erroneous. The Court, however, rejects this contention, and notes that it did consider the Defendant's cooperation. *See* Dkt. No. 62 at 16 ("While [the Defendant] argues that his penalty should be reduced as result of his cooperation,

his cooperation was of limited value.") (internal citations omitted). Accordingly, the Court **DENIES** the Defendant's motion for reconsideration.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's motion for reconsideration, Dkt. No. 64, is **DENIED**.

SO ORDERED: 1/9/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification